UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: DR. REDDY'S LABORATORIES LTD. SECURITIES LITIGATION | Case No. 3:17-cv-06436-PGS-DEA<br><br>Class Action |

**REPLY BRIEF IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
E-mail: jstrauss@kaplanfox.com

William J. Pinilis
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 656-0222
Facsimile: (973) 401-1114
E-mail: wpinilis@kaplanfox.com

*Liaison Counsel for the Lead Plaintiff
and the Proposed Class*

[Additional Counsel Appear on Signature Page]

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.  THE REACTION OF THE SETTLEMENT CLASS FULLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND EXPENSES .......................................... 2

CONCLUSION ......................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aetna Inc. Sec. Litig.*,
    No. Civ. A. MDL 1219, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) ............................................ 3

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .................................................................................................... 2

*Girsh v. Jepson*,
    521 F.2d 153 (3d Cir. 1975) .................................................................................................... 2

*Gunter v. Ridgewood Energy Corp.*,
    223 F.3d 190 (3d Cir. 2000) .................................................................................................... 2

*Harlan v. Transworld Sys., Inc.*,
    No. 13-cv-5882, 2015 WL 505400 (E.D. Pa. Feb. 6, 2015) .................................................... 2

*Maley v. Del Global Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) ..................................................................................... 3

*Plymouth Cty. Contributory Ret. Sys. v. Hassan*,
    No. 08-cv-1022, 2012 WL 664827 (D.N.J. Feb. 28, 2012) ..................................................... 3

*In re Schering-Plough Corp. ENHANCE ERISA Litig.*,
    No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2012) .................................................. 3

*Stoetzner v. United States Steel Corp.*,
    897 F.2d 115 (3d Cir. 1990) .................................................................................................... 2

Court-appointed Lead Plaintiff, the Public Employees' Retirement System of Mississippi, respectfully submits this reply memorandum of law in further support of Lead Plaintiff's motion for final approval of the proposed Settlement and Plan of Allocation (ECF No. 97) and Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 99).

## PRELIMINARY STATEMENT

Lead Plaintiff and Lead Counsel are very pleased to advise the Court of the overwhelmingly positive reaction of the Settlement Class to the proposed Settlement and the motion for fees and expenses. More than 29,000 notice packets have been mailed to potential Settlement Class Members and summary notice was published in *Investor's Business Daily* and over the *PR Newswire* in accordance with the notice program directed by the Court in its Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order") (ECF No. 96). *See* Supplemental Declaration of Jordan Broker Regarding: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion and Objections, dated September 21, 2020, ¶ 3 ("Supp. Mailing Declaration" or "Supp. Mailing Decl."), submitted herewith; and the previously submitted Declaration of Jordan Broker Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion, dated August 24, 2020 (the "Mailing Decl."), ¶ 12 (ECF No. 101-2). The September 8, 2020 deadline for objections and exclusions has passed and *no* objections to any aspect of the Settlement and the related relief have been received and *no* requests for exclusion from the Settlement Class have been received. *See* Supp. Mailing Aff. ¶¶ 4-5. It is noteworthy that no public pension fund or other institutional investor has objected to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses, or requested exclusion.

Lead Plaintiff and Lead Counsel respectfully submit that the lack of objections and exclusions is compelling evidence that the Settlement, the Plan of Allocation, and the fee and expense request are fair and reasonable and should be approved by the Court.

## ARGUMENT

### I. THE REACTION OF THE SETTLEMENT CLASS FULLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND EXPENSES

The Third Circuit considers the reaction of the class an important factor in connection with the approval of a proposed class action settlement and a request for attorneys' fees and expenses. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000).

The fact that the Settlement Class's reaction here is resoundingly positive -- ***no one*** objected or sought exclusion -- is strong evidence that the Settlement is fair, adequate, and in the best interests of the Settlement Class. "[T]he Third Circuit Court of Appeals has recognized the practical conclusion that it is generally appropriate to assume that 'silence constitutes tacit consent to the agreement' in the class settlement context." *Harlan v. Transworld Sys., Inc.*, No. 13-cv-5882, 2015 WL 505400, at *8 (E.D. Pa. Feb. 6, 2015) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 n.15 (3d Cir. 1993). "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement . . . ." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001); *see also Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"). Significantly, not a single pension fund or other institution has objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's fee and expenses request.

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides

strong support for the plan. *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Finally, it is also well recognized that no objections to a fee request represents powerful evidence that the request is fair. *See, e.g., In re Schering-Plough Corp. ENHANCE ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *6 (D.N.J. May 31, 2012) ("The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.") (quoting *Smith v. Dominion Bridge Corp.*, No. 96-cv-7580, 2007 WL 1101272, at *8 (E.D. Pa. Apr. 11, 2007)); *Plymouth Cty. Contributory Ret. Sys. v. Hassan,* No. 08-cv-1022, 2012 WL 664827, at *4 (D.N.J. Feb. 28, 2012) (same); *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("the Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award").

Accordingly, the overwhelmingly positive response of the Settlement Class here fully supports both the motion for approval of the Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses.

## **CONCLUSION**

For the reasons set forth herein and in Lead Plaintiff's and Lead Counsel's initial memoranda of law and declarations in support of the motions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement as fair, reasonable, and adequate; approve the proposed Plan of Allocation; and approve Lead Counsel's request for attorneys' fees and payment of expenses. Proposed orders, including the Judgment negotiated by the parties as an exhibit to the Stipulation and Agreement of Settlement, are submitted herewith.

Dated: September 22, 2020                    Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

/s/ *Joel B. Strauss*
Joel B. Strauss
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
E-mail: jstrauss@kaplanfox.com


William J. Pinilis
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 656-0222
Facsimile: (973) 401-1114
E-mail: wpinilis@kaplanfox.com

*Liaison Counsel for the Lead Plaintiff
and the Proposed Class*

**LABATON SUCHAROW LLP**
James W. Johnson (Admitted *pro hac vice*)
Michael H. Rogers (Admitted *pro hac vice*)
John Esmay (Admitted *pro hac vice*)

140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
E-mail: jjohnson@labaton.com
E-mail: mrogers@labaton.com
E-mail: jesmay@labaton.com

*Lead Counsel for Public Employees'
Retirement System of Mississippi and
Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2020, I caused the electronic filing of the foregoing Reply Brief in Further Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses, using the Court's CM/ECF system, which will send notification of such filing to all registered ECF participants.

                                                                     */s/ Joel B. Strauss*
                                                                     Joel B. Strauss