UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: DR. REDDY'S LABORATORIES LTD. SECURITIES LITIGATION | Case No. 3:17-cv-06436-PGS-DEA<br><br>Class Action |

# FINAL ORDER AND JUDGMENT

WHEREAS:

A. As of May 15, 2020, Lead Plaintiff the Public Employees' Retirement System of Mississippi, ("Lead Plaintiff" or "Mississippi PERS"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Dr. Reddy's Laboratories Ltd. ("Dr. Reddy's" or the "Company"), Dr. Reddy's Laboratories, Inc.; Abhijit Mukherjee; G.V. Prasad; Saumen Chakraborty; and Satish Reddy (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Consolidated Class Action Complaint, filed on March 5, 2018, on the merits and with prejudice (the "Settlement");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 18, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 23, 2020 (the "Settlement Hearing") to, among other things:

(i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members (defined below) who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by September 8, 2020;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On August 25, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this

2

Court on December 23, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all the submissions and arguments presented with respect to the proposed Settlement.

**NOW, THEREFORE,** after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on May 15, 2020; and (ii) the Notice, which was filed with the Court on August 25, 2020. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Dr. Reddy's American Depositary Shares ("ADSs") on the NYSE during the period from November 27, 2014 through September 15, 2017, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer or director of the Company and/or Dr. Reddy's Laboratories, Inc. during the Class Period; (iii) the Company's and/or Dr. Reddy's Laboratories, Inc.'s affiliates and subsidiaries; (iv) members of the immediate family of each Individual Defendant; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the

legal representatives, heirs, successors or assigns of any excluded person or entity, in their capacities as such. No member of the Settlement Class has requested to be excluded from the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff as Class Representative for the Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP as Class Counsel and Kaplan Fox & Kilsheimer LLP as Liaison Counsel.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the

complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeals; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Amended Consolidated Class Action Complaint, filed on March 5, 2018, is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE** without costs to any Party.

9. The Court finds that during the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date. Each Class Member, whether such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11. Upon the Effective Date of the Settlement, Lead Plaintiff and each and every other Class Member, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed

to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Plaintiff's Claims as against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Plaintiff's Claims against any of the Released Defendant Parties. Notwithstanding the foregoing, and for the avoidance of doubt, there shall be no release or discharge by Lead Plaintiff or any other Class Member of any Released Plaintiff's Claims as against any Released Defendant Party for the sole purpose of preserving Lead Plaintiff's and each Class Member's right to participate in the distribution of any funds recovered by any governmental or regulatory agency in connection with or emanating from any investigation or proceeding relating to any of the Released Defendant Parties.

12. Upon the Effective Date of the Settlement, Defendants and each of the other Released Defendant Parties, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

13. Notwithstanding paragraphs 11-12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. Pursuant to Section 21D-4(f)(7)(A) of the PSLRA, the Released Defendant Parties are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, relating to, or arising out of the Released

Plaintiff's Claims.  Any and all Persons are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all claims for contribution (where the injury to such Person is such Person's liability to the Lead Plaintiff and/or any Class Member), arising out of or in any way related to the claims or allegations in the Action, whether arising under state, federal or common law, or the laws of India or any other applicable jurisdiction, as claims, cross-claims, counterclaims, or third-party claims, in this Action or as a separate action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, India or elsewhere (collectively, the "Barred Contribution Claims") against the Released Defendant Parties; and the Released Defendant Parties are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all Barred Contribution Claims against any Person.

15. Any final verdict or judgment obtained by or on behalf of the Lead Plaintiff, the Settlement Class or any Class Member against any Person, other than the Released Defendant Parties, relating to the Released Plaintiff's Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or a Class Member for common damages.

16. This Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against Defendants or Lead Plaintiff for any purpose, and in particular:

(a) Do not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendants with respect to the truth of any fact alleged by Lead Plaintiff and the class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants;

(b) Do not constitute, and shall not be offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiff or any other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or the other members of the Settlement Class;

(c) Do not constitute, and shall not be offered or received against Defendants or against Lead Plaintiff or any other members of the Settlement Class as, evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) Do not constitute, and shall not be construed against Defendants, Lead Plaintiff or any other members of the Settlement Class as, an admission or concession that the consideration to be given under the terms of the Stipulation represents the amount which could be or would have been recovered after trial;

(e) Do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Defendants that they have waived any claims or

8

defenses available to them against any Person who is not a member of, or is excluded from, the Settlement Class; and

(f) Do not constitute and shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any other members of the Settlement Class or any of them that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

17. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

18. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached

thereto to effectuate the Settlement that: (a) are not materially inconsistent with the Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

22. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order will be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

23. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 23rd day of   December, 2020

                                                          BY THE COURT:

                                                          s/Douglas E. Arpert
                                                           Honorable Douglas E. Arpert
                                                         UNITED STATES MAGISTRATE JUDGE